IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(*Northern Division*)

| | | |
|---|---|---|
| DANN MARINE TOWING, L.C., <br> 299 Boatyard Road <br> Chesapeake City, Maryland 21915 | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No: |
| CENTER POINT TERMINAL <br> SALISBURY, LLC, <br> 8235 Forsyth Boulevard, Suite 400 <br> St. Louis, Missouri 63105 | * | |
| and | * | |
| CENTER POINT TERMINAL <br> COMPANY, LLC, <br> 1209 Orange Street <br> Wilmington, Delaware 19801 | * | |
| Defendants | * | |
| **SERVE ON**: <br> The Corporation Trust, Incorporated <br> 2405 York Road, Suite 201 <br> Lutherville-Timonium, MD 21093 | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, DANN MARINE TOWING, L.C. ("Plaintiff" or "Dann Marine"), by and through its undersigned counsel, for its Complaint against CENTER POINT TERMINAL SALISBURY, LLC and CENTER POINT TERMINAL COMPANY, LLC (collectively "Defendants"), says as follows:

## PARTIES

1. At all times pertinent hereto, Plaintiff Dann Marine Towing, L.C. was, and is, a Maryland corporation with its principal place of business in Chesapeake City, Maryland.

2. At all times pertinent hereto, Defendant Center Point Terminal Salisbury, LLC was, and is, a Delaware corporation, with its principal place of business in St. Louis, Missouri.

3. At all times pertinent hereto, Defendant Center Point Terminal Company, LLC was, and is, a Delaware corporation, with its principal place of business in Wilmington, Delaware.

## JURISDICTION AND VENUE

4. The claims against Defendants are admiralty and maritime claims within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. §1333, and Rule 9(h) of the Federal Rules of Civil Procedure.

5. Alternatively, this Court has diversity jurisdiction over this action as Plaintiff is a Maryland corporation and the Defendants are corporations with principal places of business in the States of Missouri and Delaware, respectively, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

7. On April 4, 2019, Dann Marine operated the Tug *DIAMOND COAST* into the berth area at Center Point Terminal, located at 1134 Marine Road, Salisbury, Maryland (the "Terminal").

8. At all times pertinent hereto, the Terminal was owned and/or operated by Center Point Terminal Salisbury, LLC.

9. At all times pertinent hereto, the Terminal was owned and/or operated by Center Point Terminal Company, LLC.

10. While navigating in the immediate vicinity of the Terminal, the Tug *DIAMOND COAST* struck an unmarked, submerged object (the "Obstruction").

11. As a result of striking the Obstruction, the Plaintiff suffered damages in the amount of $151,521.83, and other damages to be determined at trial.

12. Upon information and belief, the Obstruction consisted of an unmarked, submerged dolphin cluster.

## COUNT ONE: NEGLIGENCE
## CENTER POINT TERMINAL SALISBURY, LLC

13. Plaintiff realleges and incorporates paragraphs 1 through 12 as if fully set forth herein.

14. Center Point Terminal Salisbury, LLC, as owner and/or operator of the Terminal, had a duty to the Plaintiff to use ordinary care to provide a reasonably safe berth for the Tug *DIAMOND COAST*.

15. By failing to inspect the berth at the Terminal and/or failing to warn of, make safe, or remove the danger posed by the Obstruction, Center Point Terminal Salisbury, LLC breached its duty to Plaintiff.

16. As a direct and proximate result of the breach, the Tug *DIAMOND COAST* was physically damaged and the damages caused significant interruption of the Tug *DIAMOND COAST*'s service.

WHEREFORE, Plaintiff DANN MARINE TOWING, L.C. respectfully requests that this Court enter judgment against Defendant CENTER POINT TERMINAL SALISBURY, LLC in an amount to be determined at trial, plus interest, costs, and attorney's fees, and awarding Plaintiff any further relief deemed just and proper.

## COUNT TWO: FAILURE TO WARN
## CENTER POINT TERMINAL SALISBURY, LLC

17. Plaintiff realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

18. Center Point Terminal Salisbury, LLC, as owner and/or operator of the Terminal, had a duty to warn the Tug *DIAMOND COAST* of any hidden hazard or deficiency known to Center Point Terminal Salisbury, LLC, or which, in the exercise of reasonable care and inspection, should be known to Center Point Terminal Salisbury, LLC.

19. The hidden hazard or deficiency was not reasonably known by Plaintiff.

20. By failing to warn Plaintiff of the Obstruction, or to otherwise exercise reasonable care and inspection of the Terminal in order to obtain knowledge of the Obstruction, Center Point Terminal Salisbury, LLC breached its duty to Plaintiff.

21. As a direct and proximate result of the breach, the Tug *DIAMOND COAST* was physically damaged and the damages caused significant interruption of the Tug *DIAMOND COAST*'s service.

WHEREFORE, Plaintiff DANN MARINE TOWING, L.C. respectfully requests that this Court enter judgment against Defendant CENTER POINT TERMINAL SALISBURY, LLC in an amount to be determined at trial, plus interest, costs, and attorney's fees, and awarding Plaintiff any further relief deemed just and proper.

## COUNT THREE: NEGLIGENCE
## CENTER POINT TERMINAL COMPANY, LLC

22. Plaintiff realleges and incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Center Point Terminal Company, LLC, as owner and/or operator of the Terminal, had a duty to the Plaintiff to use ordinary care to provide a reasonably safe berth for the Tug *DIAMOND COAST*.

24. By failing to inspect the berth at the Terminal and/or failing to warn of, make safe, or remove the danger posed by the Obstruction, Center Point Terminal Company, LLC breached its duty to Plaintiff.

25. As a direct and proximate result of the breach, the Tug *DIAMOND COAST* was physically damaged and the damages caused significant interruption of the Tug *DIAMOND COAST*'s service.

WHEREFORE, Plaintiff DANN MARINE TOWING, L.C. respectfully requests that this Court enter judgment against Defendant CENTER POINT TERMINAL COMPANY, LLC in an amount to be determined at trial, plus interest, costs, and attorney's fees, and awarding Plaintiff any further relief deemed just and proper.

## COUNT FOUR: FAILURE TO WARN
## CENTER POINT TERMINAL COMPANY, LLC

26. Plaintiff realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. Center Point Terminal Company, LLC, as owner and/or operator of the Terminal, had a duty to warn the Tug *DIAMOND COAST* of any hidden hazard or deficiency known to

Center Point Terminal Company, LLC, or which, in the exercise of reasonable care and inspection, should be known to Center Point Terminal Company, LLC.

28. The hidden hazard or deficiency was not reasonably known by Plaintiff.

29. By failing to warn Plaintiff of the Obstruction, or to otherwise exercise reasonable care and inspection of the Terminal in order to obtain knowledge of the Obstruction, Center Point Terminal Company, LLC breached its duty to Plaintiff.

30. As a direct and proximate result of the breach, the Tug *DIAMOND COAST* was physically damaged and the damages caused significant interruption of the Tug *DIAMOND COAST*'s service.

WHEREFORE, Plaintiff DANN MARINE TOWING, L.C. respectfully requests that this Court enter judgment against Defendant CENTER POINT TERMINAL COMPANY, LLC in an amount to be determined at trial, plus interest, costs, and attorney's fees, and awarding Plaintiff any further relief deemed just and proper.

/s/ *[signature]*
**ALEXANDER M. GILES** (Fed. Bar No. 25474)
**IMRAN O. SHAUKAT** (Fed. Bar No. 30134)
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Telephone: (410) 539-5040
Facsimile: (410) 539-5223
agiles@semmes.com
ishaukat@semmes.com
*Counsel for Plaintiff*
*Dann Marine Towing, L.C.*

Of Counsel (Admission *Pro Hac Vice* Pending):

Robert B. Birthisel, Esquire
Jules V. Massee, Esquire
Hamilton, Miller & Birthisel, LLP
100 South Ashley Way, Suite 1210
Tampa, Florida 33602
Telephone: (813) 223-1900
Facsimile: (813) 223-1933
rbirthisel@hamiltonmillerlaw.com
jmassee@hamiltonmillerlaw.com